1
2
3
4
5
6
7                                    NOT FOR CITATION

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                                **SAN JOSE DIVISION**

11

12   BRIAN L. MALZKUHN AND VIRGINIA A.          Case Number C 05-00161 JF
     MALZKUHN,
13                                              ORDER[1] GRANTING DEFENDANTS'
                        Plaintiffs,             MOTION TO DISMISS AND
14                                              DENYING PLAINTIFFS' MOTIONS
                  v.                            TO STRIKE, VACATE, AND FOR AN
15                                              EVIDENTIARY HEARING
     R.M. OWENS AND ANY AND ALL DOES,
16   EACH IN THEIR INDIVIDUAL CAPACITIES,       [re: docket No. 13, 16, 18, 20, 21, 25]

17                        Defendants.

18

19          On January 11, 2005, Plaintiffs Brian L. Malzkuhn ("Mr. Malzkuhn") and Virginia A.

20   Malzkuhn, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants

21   R. M. Owens ("Owens") and "All Does."  Plaintiffs allege four claims for relief: (1) fraud and

22   conspiracy to commit fraud; (2) unreasonable searches and seizures of their private property in

23   violation of the Fourth Amendment; (3) Fifth and Fourteenth Amendment violations of their due

24   process rights; and (4) violation of 26 U.S.C. § 6331(a) by means of improper issuance of

25   Internal Revenue Service ("IRS") levy form 668-W(c) to private citizens.  Plaintiffs allege that

26   they are entitled to compensatory damages, punitive damages, attorney's fees, and declaratory

27   _____

28      [1]  This disposition is not designated for publication and may not be cited.

relief.  On June 8, 2005, Owens and the United States (collectively "Defendants")[2] move to dismiss for failure to state a claim, lack of subject matter jurisdiction, and insufficiency of service of process, or alternatively for summary judgment.  Plaintiffs oppose the motion and move to strike and vacate Defendants' motion to dismiss.  Plaintiffs also filed a motion for evidentiary hearing on July 8, 2005, to which Defendants filed opposition on July 11, 2005 .  The Court has read the moving and responding papers and considered the oral arguments presented on July 29, 2005.  For the reasons set forth below, Defendants' motion to dismiss will be granted, and Plaintiffs' motions to strike, vacate, and for an evidentiary hearing will be denied.

## I. BACKGROUND

Plaintiffs allege the following: Owens signed and issued fraudulent levies using IRS form 668-W(c) and acting pursuant to 26 U.S.C. § 6331, to collect Mr. Malzkuhn's unpaid tax liabilities for the 2000 tax year.  These levies were issued to his employers Ohlone College, on October 28, 2004, and California School for the Deaf, on December 10, 2004, and to his bank, Comerica Bank California, on October 28, 2004.  Complaint ("Compl.") ¶¶ 10-18.  Only Ohlone College complied with the levy order by delivering Mr. Malzkuhn's paychecks in the amounts of $7,758.24 for November 2004 and $5,584.40 for December 2004 to the IRS.  Compl. ¶¶ 9, 14. Plaintiffs allege that Defendants thus unlawfully searched and seized their private property and acted with malice to commit fraud and conspiracy to commit fraud in violation of their Fourth, Fifth, and Fourteenth Amendment rights.  Compl. ¶ 19-22.  Plaintiffs further allege that because they have never been federal government employees and because the IRS levies under § 6331(a) only apply to federal employees, Defendants are in violation of § 6331(a).  Compl. ¶ 23.

Defendants submit evidence showing the following additional facts: on April 5, 2004, the IRS made an assessment against Mr. Malzkuhn for outstanding tax liabilities for the year 2000 in the amount of $23,195.00. Declaration of Emily J. Kingston (hereinafter, "Kingston Decl."), Ex.

---

[2] The United States is not named as a defendant in this action.  However, as discussed in detail below, the instant action is deemed to be an action against the United States.

Case No. C 05-00161 JF
ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DENYING PLAINTIFFS' MOTIONS
TO STRIKE, VACATE, AND FOR AN EVIDENTIARY HEARING.
(JFEX2)

1. On June 12 and July 16, 2004, the IRS sent to Plaintiffs computer generated notices of intent

to levy. *Id.* Owens, the Collection Operations Manager for the office from which the computer

generated notices were issued, signed each notice with a laser printed signature. Kingston Decl.,

Ex. 2. Defendants acknowledged that Form 668-W(c) levies were issued to Ohlone College,

California School of Deaf, and Comerica Bank, and that only Ohlone College forwarded

payments to the IRS. Kingston Decl., Ex. 1.

Plaintiffs filed the instant complaint on January 11, 2005. They have not filed an

administrative claim for refund for the 2000 tax year, nor have they requested a hearing with

respect to their administrative collection due process rights. Kingston Decl., Ex. 2. Owens has

not been served properly with the complaint. *Id.*

**II. Discussion**

**A. Motion to Dismiss**

"A court may dismiss a complaint only if it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations." *Hishon v. King &*

*Spaulding*, 467 U.S. 69, 73 (1984); *see also Argabright v. United States*, 35 F.3d 472, 474 (9th

Cir. 1994). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and

the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v.*

*McKeithen*, 395 U.S. 411, 421 (1969); *Argabright*, 35 F.3d at 474. The pleading of a *pro se*

litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be

afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v.*

*Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).

Defendants argue that the present case should be dismissed for failure to state a claim

because § 1983 does not apply to federal actors, because Owens is precluded from *Bivens*

liability, because the Internal Revenue Code provides sufficient administrative remedies, and

because the IRS in fact has the authority to issue levies to private citizens under 26 U.S.C. §

6331. Defendants also argue that the Court lacks subject matter jurisdiction because the United

3

1  States is the only proper party to this action and has not waived its sovereign immunity.  Finally,

2  Defendants assert that Owens was not properly served with the summons and complaint.

3        Plaintiffs argue that Owens lacks the delegated authority to issue the levies and did not

4  act within her scope of authority.  Plaintiffs further assert that the Commissioner of the IRS (the

5  "Commissioner") does not have authority to administer internal revenue laws within the fifty

6  states and that the United States does not have standing to file a motion to dismiss.

7

8  **i. Plaintiffs' Failure to State a Claim**

9        *a. Plaintiffs' Claim for Relief Under 42 U.S.C. § 1983*

10        Plaintiffs allege that Owens's action violated their Fourth, Fifth, and Fourteenth

11  Amendment rights.  42 U.S.C. § 1983 section provides that a claim for damages may be

12  maintained against "every person who, under color of any statute, ordinance, regulation, custom,

13  or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected,

14  any citizen of the United States or other person within the jurisdiction thereof to the deprivation

15  of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.

16  Thus, on the face of the statute itself, plaintiffs are entitled to relief only against *state actors*.  *See*

17  *e.g. Lester v. Mineta*, No. C 04-3074 SI (N.D.Cal Feb. 24, 2006).  Because Owens is a federal

18  actor who works for the IRS and acted under color of *federal* law in issuing levies and notices

19  pursuant to 26 U.S.C. § 6331, Plaintiffs have failed to state a claim under § 1983.

20        *b. Preclusion of Bivens Claim*

21        Notwithstanding the above, a federal actor acting under color of federal authority may be

22  held personally liable for violations of a plaintiffs' constitutional rights.  *Bivens v. Six Unknown*

23  *Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Federal courts have the

24  inherent authority to award damages to plaintiffs for such violations.  *Id.* at 394.  However, a

25  citizen's right to sue under *Bivens* is not absolute.  *W. Ctr. for Journalism v. Cederquist*, 235

26  F.3d 1153, 1156 (9th Cir. 2000) *("Bivens* remedies are not available to compensate plaintiffs for

27  all constitutional torts committed by federal officials").  Because of the comprehensiveness of the

28

Case No. C 05-00161 JF
ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DENYING PLAINTIFFS' MOTIONS
TO STRIKE, VACATE, AND FOR AN EVIDENTIARY HEARING.
(JFEX2)

1   Internal Revenue Code, the Ninth Circuit and other Courts of Appeals have held consistently that

2   "*Bivens* actions are inapplicable for claims arising from federal tax assessment or collection."

3   *Adam v. Johnson*, 355 F.3d 1179, 1184 (9th Cir. 2004). Further, an IRS revenue officer may

4   assert qualified immunity for civil damages as long as "her conduct does not violate clearly

5   established . . . constitutional rights of which a reasonable person would have known." *Bothke v.*

6   *Fluor Engineers & Constructors*, *Inc.* 834 F.2d 804, 810 (9th Cir. 1987). A constitutional

7   violation arising from the collection of taxes by IRS employees has never been recognized.

8   *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990). Plaintiffs' claims arise from Owens's

9   conduct of signing and issuing levies. Compl. ¶¶ 6-23. Because such conduct arises from federal

10  tax assessment and collection, and because Owen is certified as an IRS employee acting within

11  the course and scope of her employment pursuant to 28 U.S.C. § 2679(d), Owens is entitled to

12  qualified immunity. *See* Certification Pursuant to 28 U.S.C. § 2679(d) by Chief of Tax Division.

13          *c. Plaintiff's Failure to State a Claim under 26 U.S.C. § 7433*

14          Defendants assert that Plaintiffs fail to state a claim for unauthorized tax collection under

15  26 U.S.C. § 7433, because Plaintiffs have not alleged that Owens or other IRS employees

16  violated any provision of the Internal Revenue Code or Treasury Regulations. A taxpayer may

17  bring "a civil action for damages against the United States in a district court," if an IRS officer or

18  employee "recklessly or intentionally," or by "reason of negligence" disregards any provision of

19  the Internal Revenue Code "in connection with any collection of Federal tax with respect to a

20  taxpayer." 26 U.S.C. § 7433(a). Plaintiffs allege only that the levy procedure is unconstitutional.

21  They do not allege reckless, intentional, or negligent disregard of any provision of the Internal

22  Revenue Code or Treasury Regulations by Owens or other IRS employees. Accordingly, they

23  have failed to state a claim under § 7433.

24          *d. The Authority of the IRS to Issue Levies under 26 U.S.C. § 6331*

25          Plaintiffs next allege that the levy issued by the IRS was fraudulent because 26 U.S.C. §

26  6331 applies only to federal employees, not private citizens. Section 6331 authorizes the

27  Secretary or his delegate to collect taxes "by levy upon all property and rights to property"

28

Case No. C 05-00161 JF
ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DENYING PLAINTIFFS' MOTIONS
TO STRIKE, VACATE, AND FOR AN EVIDENTIARY HEARING.
(JFEX2)

belonging to "*any person*" who "neglects or refuses to pay" any tax "or on which there is a lien . . . for the payment of such tax." 26 U.S.C. § 6331 (emphasis added).  *See G.M. Leasing Corp. v. United States*, 429 U.S. 338, 349-50 (1976) (holding that the IRS can levy under 26 U.S.C. § 6331 on property belonging to taxpayers).  Thus, Defendants' issuance of levies to collect Mr. Malzkuhn's tax liabilities for the 2000 tax year does not violate § 6331.

**ii. Sovereign Immunity of the United States**

Defendants argue that the United States has standing to file this present motion because even though she is not identified as a federal employee in the complaint, Owens in fact acted within the scope of her employment as a federal employee and, thus, the United States is the only real party to this action.  "It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *See also Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949).  A suit against an IRS employee in his or her official capacity is essentially a suit against the United States.  *Id.*  A claim arising out of a negligent or wrongful act or omission of a federal employee acting within the scope of his or her office or employment is deemed to be a claim against the United States.  28 U.S.C. § 2679(d)(1).  As discussed above, by signing the levies, Owens was acting within the scope of her employment and thus has qualified immunity.  Her status as a federal actor properly may be referred from the allegations with respect to her conduct.  Accordingly, any claims must be dismissed as to Owens, and the United States is the real party to this action.

It is well settled that the United States as sovereign may not be sued without its consent. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed," and such waivers must be strictly construed in favor of the United States. *Lehman v. Hakshian*, 453 U.S. 156, 160-61 (1981).  Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required. *United States v. Mitchell*, 463 U.S. 206 (1983); *Hutchinson v.*

1   *United States*, 677 F.2d 1322, 132 (9th Cir. 1982).  Accordingly, absent any express statutory or

2   consent of waiver of sovereign immunity, the Court concludes that Plaintiffs' complaint is

3   dismissed for lack of subject matter jurisdiction.

4          Having concluded that it lacks subject matter jurisdiction on the basis of sovereign

5   immunity, the Court finds it unnecessary to address Defendants' additional arguments, including

6   that Plaintiffs failed to exhaust their administrative remedies, prohibition of a cause of action

7   under the Federal Tort Claims Act and the Anti-Injunction Act, and the Declaratory Judgment

8   Act bar to declaratory relief with respect to federal taxes.

9

10  **iii.  Improper Service**

11         Because the Court has reached the conclusion that Plaintiffs' action should be dismissed

12  for failure to state a claim and lack of subject matter jurisdiction, it does not reach the issue of

13  whether service was proper under Federal Rule of Civil Procedure 4(i).

14

15  **B.  Motion to Vacate and Strike**

16          In response to Defendants' motion to dismiss, Plaintiffs filed a "motion to vacate and

17  strike United States' motion to dismiss for lack of standing."  A motion to vacate appropriately

18  may be brought to vacate an order, judgment, or other decision of that court.  A motion to strike

19  is appropriate when a party seeks to strike portions of a pleading. *See* Fed. R. Civ. P. 12(f).

20  Because Defendants' motion is neither an order, judgment, or other decision of the court, nor a

21  court action or a pleading, the motion to vacate or strike will be denied.  However, because it

22  appears that Plaintiffs filed this motion in response to Defendants' motion, the Court will

23  consider it to be a substantive opposition to Defendants' motion.  As such, the Court concludes

24  that it lacks merit.

25         Plaintiffs argue that the because the Commissioner does not have authority to enforce

26  internal revenue laws within the fifty states, Owens does not have delegated power from the

27  Commissioner to issue levies.  However, the Commissioner does have such authority.  "The

28

7

Case No. C 05-00161 JF
ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DENYING PLAINTIFFS' MOTIONS
TO STRIKE, VACATE, AND FOR AN EVIDENTIARY HEARING.
(JFEX2)

1   [IRS] is a bureau of the Department of the Treasury under the immediate direction of the

2   Commissioner of Internal Revenue.  The Commissioner has general superintendence of the

3   assessment and collection of all taxes imposed by any law providing internal revenue.  The [IRS]

4   is the agency by which these functions are performed." 26 C.F.R. § 601.101(a).  Further, The

5   Secretary of the Treasury's power to collect taxes imposed by the internal revenue laws may be

6   delegated to the Commissioner of Internal Revenue and local IRS employees.  *See* 26 U.S.C. §

7   6301; 26 C.F.R. § 301.7701-9; *Hughs v. United States*, 953 F.2d 531, 536 (9th Cir. 1992); IRS

8   Delegation Order 191.  Thus, not only does the Commissioner have authority to administer

9   internal revenue laws, but this authority also extends to local IRS employees, such as Owens.

10          Plaintiffs' assertion that they are not subject to the enforcement of internal revenue laws

11  because they live in "California (state Republic)," not in any "Federal District," also is without

12  merit.  An IRS District Director administers the internal revenue laws with regard to taxpayers in

13  different districts in the United States, "taxpayers residing or doing business abroad, and even

14  foreign taxpayers deriving income from sources within the United States" 26 C.F.R. §

15  601.101(a).  Accordingly, Plaintiffs are subject to the internal revenue laws.

16

17  **C. Motion for Evidentiary Hearing**

18          On July 8, 2005, Plaintiffs filed a motion for an evidentiary hearing, stating generally that

19  "[t]he substance of the Evidentiary Hearing is germane to the Motion to Dismiss and directly

20  addresses the UNITED STATES' standing to even bring forward a Motion to Dismiss and to

21  otherwise trespass on this case."  Defendants oppose the motion.  As stated above, this Court has

22  concluded from the available and uncontradicted evidence that the United States has standing as

23  a defendant in this action.  Additionally, Plaintiffs' short and vague motion does not indicate the

24  substance of the proposed evidentiary hearing.  Accordingly, Plaintiffs' motion for an evidentiary

25  hearing will be denied.

26

27

28

Case No. C 05-00161 JF
ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DENYING PLAINTIFFS' MOTIONS
TO STRIKE, VACATE, AND FOR AN EVIDENTIARY HEARING.
(JFEX2)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III. ORDER**

Good cause therefore appearing, Defendants' motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motions to strike, vacate, and for an evidentiary

hearing are DENIED.


DATED: <u>March  30 ,  2006   </u>


                                                _____
JEREMY FOGEL
United States District Judge

Case No. C 05-00161 JF
ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DENYING PLAINTIFFS' MOTIONS
TO STRIKE, VACATE, AND FOR AN EVIDENTIARY HEARING.
(JFEX2)

**5:05-cv-161 Notice will be electronically mailed to:**

Emily J. Kingston Emily.Kingston@usdoj.gov,

**5:05-cv-161 Notice will NOT be electronically mailed to:**

Brian L. Malzkuhn
4170 Tehama Avenue
Fremont, CA 94538

Virginia A. Malzkuhn
4179 Tehama Avenue
Fremont, CA 94538

10

Case No. C 05-00161 JF
ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS, AND (2) DENYING PLAINTIFFS' MOTIONS
TO STRIKE, VACATE, AND FOR AN EVIDENTIARY HEARING.
(JFEX2)